**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**
**INDIANAPOLIS DIVISION**

| | |
|---|---|
| **ROBERT W. ROGERS,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | )   **CAUSE NO. 1:07-cv-1661-WTL-TAB** |
| | ) |
| **MICHAEL J. ASTRUE,** | ) |
| **Commissioner of Social Security,** | ) |
| | ) |
| **Defendant.** | ) |

**ENTRY OVERRULING DEFENDANT'S OBJECTION TO MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION, ADOPTING THE REPORT AND RECOMMENDATION, AND REVERSING AND REMANDING THIS CAUSE TO THE COMMISSIONER FOR FURTHER PROCEEDINGS**

The Magistrate Judge has filed his Report and Recommendation in which he recommends that this case be reversed and remanded to the Commissioner. The Commissioner has filed a timely objection to the Report and Recommendation. Having considered the objection and conducted the *de novo* review as required by Federal Rule of Civil Procedure 72(b)(3), the Court, for the reasons set forth below, hereby **OVERRULES** the Commissioner's objection and **ADOPTS** the Magistrate Judge's Report and Recommendation.

The crux of the Magistrate Judge's decision was the fact that the Administrative Law Judge ("ALJ") in this case made conflicting statements in his decision regarding the Plaintiff's ability to sit. A medical expert testified at the hearing before the ALJ that the Plaintiff could sit for a total of "at least four to six hours" during the course of a work day. Record at 454. The ALJ correctly cited this testimony in his decision and gave it "considerable weight." *Id.* at 23, 27. After reviewing the evidence of record, the ALJ expressly found that the Plaintiff "could sit for about four to six hours of an eight hour workday." *Id.* at 27. Later in his decision, however, the ALJ found that the Plaintiff could "sit for about six hours of an eight hour workday." *Id.* at 29.

The Magistrate Judge found, and the Court agrees, that the difference between six hours and "at least four to six hours" is a critical one:

> This is so for two reasons. First, Social Security Ruling 96-8p provides that any person who is incapable of full time work (i.e., eight hours per day, five days a week, or an equivalent schedule) is considered disabled.  Because the ALJ determined that Rogers can only stand for two hours per day, if Rogers is unable to sit for six hours, he would be incapable of working an eight-hour day. Second, the vocational expert testified that a person would be unable to work as a cashier, office clerk, or unskilled assembler if he could only sit four hours of an eight-hour day.

Report and Recommendation at 4.  Therefore, it is not true, as the Commissioner argues, that "[e]ssentially the Magistrate Judge recommends that this matter be returned to the Agency to correct a typographical error."  Objection at 5.  Rather, it is necessary for the ALJ to clarify his findings regarding Rogers' ability to sit because those findings are inconsistent with each other and–to the extent that they support the ALJ's finding of no disability–are also inconsistent with the medical expert's testimony that the ALJ found so persuasive.  The medical examiner's testimony that Rogers could sit "for at least four to six hours" is ambiguous and cannot form the basis for a finding that Rogers can sit for six hours every day.[1]  Without evidence to support that finding, the ALJ's finding of no disability is not supported by substantial evidence.  The Magistrate Judge got it exactly right when he determined that this case must be remanded so that the ALJ can make it clear what he actually meant and on what evidence he based his determination.

## CONCLUSION

---

[1] Indeed, the Court notes that the ALJ's finding that Rogers can sit for "about six hours" also is ambiguous.  Five hours and forty-five minutes can reasonably be considered "about six hours," but if Rogers' ability to sit is limited to five hours and forty-five minutes–and his standing is limited to "about two hours," as the ALJ found–he would be disabled.

For the reasons set forth above, the Court **OVERRULES** the Commissioner's objections to the Magistrate Judge's Report and Recommendation and hereby **ADOPTS** the Report and Recommendation in its entirety.  This case is therefore **REVERSED AND REMANDED** to the Commissioner for further proceedings consistent with the Report and Recommendation.

SO ORDERED:   01/25/2010

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Copies to:

Charles Julian Myers
cmyers7943@sbcglobal.net

Thomas E. Kieper
UNITED STATES ATTORNEY'S OFFICE
tom.kieper@usdoj.gov